# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RANDAL REEP, an individual,
on behalf of himself and all others
similarly situated,

    Plaintiffs,

v.

DELTA AIR LINES, INC., a Delaware
Corporation.

    Defendant.

_____

CASE NO.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**

    Plaintiff Randal Reep, on behalf of himself and all others similarly situated, complains and alleges upon the investigation made by Plaintiff by and through his attorneys, as follows:

## I.    NATURE OF ACTION

    1.    This civil class action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq.* ("USERRA"). It is brought by Plaintiff on behalf of a nationwide Class of all persons

similarly situated, including current and former employees of Delta Air Lines, Inc. ("DAL"), who were or are currently serving in the United States Armed Services or National Guard and who took short-term military leave during their employment with DAL but were not paid their normal wages or salaries by DAL during such periods of military leave.

## II.   PARTIES

### A.   PLAINTIFFS

2.   Plaintiff RANDAL REEP ("Reep") is a citizen of the United States and a resident of the State of Florida. Reep enlisted with Florida Air National Guard on March 10, 1989, was commissioned and trained as an F-15 pilot, and presently holds the rank of rank of Lieutenant Colonel. Reep was employed by DAL from 1998 through 2016.

3.   At all relevant times, Reep was and is a qualified employee and member of the uniformed services as defined by 38 U.S.C. § 4303(3) and (16).

### B.   NAMED DEFENDANT

4.   Defendant DAL is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Georgia.

5.   At all relevant times, DAL was and is an employer as defined by 38 U.S.C. § 4303(4)(A).

6. In or about October 2008, DAL merged with Northwest Airlines Corporation ("NWA"). The surviving merged company is DAL.

### C. DOE DEFENDANTS

7. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendant, such individuals at all times acted on behalf of defendant within the scope of their respective employments and agencies.

8. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. The action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

### III. JURISDICTION AND VENUE

9. This complaint arises under USERRA, 38 U.S.C. §§ 4301-4335. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3).

10. Venue is proper because DAL maintains its corporate headquarters in this district, as provided in 38 U.S.C § 4323(c)(2) and 28 U.S.C. § 1391(b).

11. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## IV. <u>GENERAL LEGAL AND FACTUAL ALLEGATIONS</u>

12. Plaintiff re-alleges and incorporates by reference every allegation contained within paragraphs 1 through 11, inclusive, as though set forth at length herein and made a part hereof.

13. USERRA prohibits "discrimination against persons because of their service in the uniformed services."

14. Section 4303 of USERRA provides that the term "service in the uniformed services" means "performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty for training, full time National Guard duty…"

15. Section 4311 of USERRA protects persons who serve or have served in the uniformed services from acts of discrimination; a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership,…performance of service,…or obligation."

16. "Benefit" is defined as:

> The term 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (*including wages or salary for work performed*) that accrues by reason of an employment contract or agreement or an employer policy, plain, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2) (italics added).

17. Section 4316 of USERRA provides that any period of absence from employment due to or necessitated by uniformed service is not considered a break in employment, so an employee absent due to military duty must be treated as though they were continuously employed.

18. Section 4316 (b) requires military leave to be treated no less favorably than other, comparable forms of non-military leave with respect to the rights and benefits employees receive during their absences.

19. When a DAL employee is required to be absent from his or her employment for any number of reasons (unrelated to military leave), including that the employee is required to perform jury service or take sick leave, DAL continues to pay the employee's wages and/or salary during his or her absence from work. However, DAL does not continue to pay an employee's wages and/or salary when

the employee takes short-term military leave (i.e., military leave that lasts no more than 30 days).

20. Since at least 2007, DAL has maintained a policy or practice of refusing to pay employees their wages or salaries when they take short-term military leave, while continuing to pay employees their wages or salaries when they take other comparable forms of non-military leave, such as jury duty and sick leave.

21. USERRA § 4316(b) provides in relevant part that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

   (A) deemed to be on furlough or leave of absence while performing such service; and

   (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

22. Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees, including compensation, USERRA § 4316(b) requires the employer to provide the same rights and benefits to employees during their military leave. *See Id.*; 20 C.F.R. § 1002.150(a).

23. As the USERRA regulations explain, the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" is "the duration of the leave." 20 C.F.R. § 1002.150(b). "[O]ther factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id*.

24. Pursuant to its policy and practice of refusing to pay employees their regular wages or salaries during periods of short-term military leave, DAL failed to pay Plaintiff and the Class Members their regular wages or salaries during each period in which they took short-term military leave.

25. Upon information and belief, since January 1, 2007, Defendants paid their employees their regular wages or salaries while they were on leave from their employment because of jury duty and sick leave.

26. Jury duty and sick leave are comparable to short-term military leave in terms of the duration of these forms of leave and in terms of the involuntary nature of the leave.

27. For DAL's employees, the duration of jury duty and sick leave is comparable to the duration of short-term military leave. Each of these types of leaves commonly lasts several days, and usually not more than a couple of weeks.

28. Like jury duty and sick leave, short-term military leave is ordinarily

involuntary. Jury duty is required by federal, state, or local law. Sick leave occurs due to a short-term, involuntary medical condition that prevents the employee from working. And short-term military leave occurs due to an employee-service member's obligation to perform military service in the United States Armed Services or National Guard.

29.     In addition, the purpose of jury duty is the same as short-term military leave: to perform service for our government and engage in public service for the benefit of our society.

30.     DAL's policy or practice of refusing to pay employees their wages or salaries when they take short-term military leave and continuing to pay employees their wages or salaries when they take other comparable forms of non-military leave violates USERRA § 4316(b), because it denies DAL's employees a non-seniority right or benefit that is provided to similarly situated employees who are on furlough or leave of absence.  38 U.S.C. § 4316(b).

31.     This policy or practice has unlawfully denied DAL's employees the wages or salaries that they should have received when they engaged in short-term military leave compared to employees who received wages or salaries when they engaged in jury duty, sick leave, or other comparable forms of non-military leave.

32.     Since his employment with DAL began in 1998, Plaintiff took many of

periods of short-term military leave of 30 days or less that qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13), including in the following years: 2007 through 2016.

33. For the times that Plaintiff took military leave, including short-term military leave, DAL did not pay Plaintiff his regular wages.

## V. CLASS ACTION ALLEGATIONS

34. Pursuant to Rule 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated ("the Class") as follows:

> The Class: Current or former employees of Delta Air Lines, Inc., and/or any of its subsidiaries or predecessors, who during their employment with any of these entities took short-term military leave from their employment and during such short-term military leave were not paid the wages or salary that they would have earned had they continued to work their ordinary work schedules from January 1, 2007, through the date of judgment in this action.

35. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when he seeks to certify the Class alleged herein.

36. **Ascertainable Class:** The Class is ascertainable in that each member of the class can be identified using the information contained in DAL's records.

37. The members of the Class are sufficiently numerous that joinder of all members is impracticable. The exact size of the Class is ascertainable through DAL's records, including but not limited to DAL's employment records.

38. **Common Questions of Law or Fact Predominate:** There are questions of law and fact common to the Class, and these questions predominate over individual questions. Such questions include, without limitation:

(a) whether DAL's failure to pay its employees on short-term military leave violates USERRA;

(b) whether DAL's acts and practices have violated USERRA by discriminating against its employees who are members of the United States Armed Services or National Guard and have taken short-term military leave;

(c) whether Plaintiff and the Class are entitled to compensatory and/or liquidated damages; and

(d) whether injunctive and other equitable remedies for the Class is warranted.

39. **Numerosity:** Plaintiff believes and alleges that DAL employs more than 91,000 employees, and that more than 6,500 of its employees are or were members of the United States Armed Services or National Guard.

40. **Typicality:** Plaintiff's and the Class' claims arise from and were caused by DAL's wrongful conduct. Plaintiff, like all other Class members, suffered damage as a result of DAL's violations of USERRA.

41. **Adequacy:** The named Plaintiff will fairly and adequately represent and protect the interests of the Class and have no conflict of interest with the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class members. Plaintiff retained adequate counsel who have substantial experience and success in the prosecution of class actions and complex business litigation matters.

42. **Superiority:** The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device particularly efficient and an appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

    a. The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

    b. If each Class member was required to file an individual lawsuit, DAL would necessarily gain an unconscionable advantage since it would be

able to exploit and overwhelm the limited resources of each individual Class member with vastly superior financial and legal resources;

    c.    The costs of individual suits could unreasonably consume the amounts that would be recovered;

    d.    Proof of a common factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of actions alleged; and

    e.    Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

43. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

44. Class certification is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because DAL acted on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief to Plaintiff as a whole. The Class members are entitled to injunctive relief to end DAL's practices that have caused its military affiliated employees to be excluded from certain benefits and to be treated differently than employees who have taken comparable types of leave.

///

## CAUSE OF ACTION
### For Failure to Pay Wages or Salaries During Periods of Short-Term Military Leave - Violations of 38 U.S.C. § 4316(b)

45. Plaintiff hereby alleges and incorporates paragraphs 1- 44 above by reference herein.

46. 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

47. The U.S. Department of Labor's regulations, which implement and interpret USERRA § 4316(b)(1), provide that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b). Under these regulations, the "duration of leave" "may be the most significant factor" to determine whether two forms of leave are

comparable, and other relevant factors include "the purpose of the leave and the ability of the employee to choose when to take the leave." *Id*.

48.  As described above, DAL has maintained a policy or practice of failing to pay employees their wages or salaries when they take short-term military leave, while continuing to pay employees their wages or salaries when they take other comparable forms of non-military leave, such as jury duty and sick leave.

49.  As described above, jury duty leave and sick leave are comparable to short-term military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

50.  By adopting and applying a policy or practice of failing to pay the Class when they take short-term military leave, DAL denied Plaintiff and the Class the same rights and benefits, including compensation, that DAL provided to employees who took comparable forms of non-military leave, including jury duty leave and sick leave, and thus failed to provide the Class the most favorable treatment accorded to employees who took other comparable forms of non-military leave. By doing so, DAL violated and continues to violate USERRA § 4316(b)(1).

51.  Due to DAL's failure to comply with USERRA § 4316(b)(1), Plaintiff and other members of the Class received lower wages, salaries, and/or compensation

than they would have received had DAL complied with USERRA and the Department of Labor's implementing regulations.

52. The Class' military service obligations are a motivating factor in DAL's denial of the Class' wages and salaries during periods of short-term military leave.

53. Upon information and belief, DAL's violation of USERRA § 4316(b)(1) was willful. Accordingly, DAL should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Plaintiff, individually and on behalf of the Class, requests that the Court enter an Order as follows:

1. Determining that this action may proceed and be maintained as a class action, designating Plaintiff as Lead Plaintiff, and certifying Plaintiff as the Class representative under Rule 23 of the Federal Rules of Civil Procedure and their counsel of record as Class Counsel;

2. Declaring that the acts and practices complained of herein are unlawful and are in violation of USERRA;

3. Requiring that DAL fully comply with the provisions of USERRA by providing Plaintiff and Class Members all employment benefits denied them as a result of DAL's unlawful acts and practices described herein;

4. Enjoining DAL from taking any action against Plaintiff and the Class Members that fail to comply with the provisions of USERRA;

5. Awarding fees and expenses, including attorneys' fees pursuant to 38 U.S.C. § 4323(h).

6. Awarding Plaintiff and the Class prejudgment interest on the amount of lost wages or employment benefits due;

7. Ordering that DAL pay liquidated damages in an amount equal to the amount of lost wages, lost compensation and other lost benefits due to DAL's willful violations of USERRA;

8. Granting an award for costs of suit incurred;

9. Granting such other and further relief as may be just and proper and which Plaintiffs and the Class may be entitled to under all applicable laws.

///

///

///

///

///

///

///

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Respectfully submitted this 11th day of March 2021.

s/ Joseph Coomes, Esq.
Georgia Bar No. 184999
LAW OFFICE OF A. JOSEPH COOMES, LLC
990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Fax: (404) 665-3090
Email: ajc@jcoomeslaw.com

| | |
|---|---|
| Brian J. Lawler, Esq. | Gene J. Stonebarger, Esq. |
| California Bar No. 221488 | California Bar No. 209461 |
| PILOT LAW, P.C. | Crystal L. Matter, Esq. |
| 850 Beech Street, Suite 713 | California Bar No. 278084 |
| San Diego, California 92101 | STONEBARGER LAW, P.C. |
| Tel: (866) 512-2465 | 101 Parkshore Dr., Suite 100 |
| Fax: (619) 231-4984 | Folsom, California 95630 |
| Email: blawler@pilotlawcorp.com | Tel: (916) 235-7140 |
| *Pro Hac Vice pending* | Email: gstonebarger@stonebargerlaw.com |
| | Email: cmatter@stonebargerlaw.com |
| | *Pro Hac Vice pending* |

*Attorneys for Plaintiff and the Putative Class*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1B.

s/Brian J. Lawler
*Pro Hac Vice pending*

Brian J. Lawler, Esq.
California Bar No. 221488
PILOT LAW, P.C.
850 Beech Street, Suite 713
San Diego, California 92101
Tel: (866) 512-2465
Fax: (619) 231-4984
Email: blawler@pilotlawcorp.com
*Pro Hac Vice pending*