**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| **RANDAL REEP, an individual, on behalf of himself and all others similarly situated,**<br><br>         **Plaintiffs,**<br><br>**vs.**<br><br>**DELTA AIR LINES, INC., a Delaware Corporation**<br><br><br>         **Defendant.** | **Civil Action No. 1:21-CV-01005-TCB** |

**BRIEF IN SUPPORT OF DEFENDANT DELTA AIR LINES, INC.'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## I.    INTRODUCTION

Congress enacted The Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"), in 1994 to protect against discrimination by private employers of participants in the United States military reserves and other persons who were not active duty members of the United States armed forces but who may be called up to serve the United States in a reserve role. USERRA replaced a statute that guaranteed similar rights, and predecessor statutes protecting reservists' rights have been in place since the 1960s. Because there are

over a million of United States military reservists and other affected persons who are employed by tens of thousands of employers across the country, USERRA plays an important role in preserving the rights of reservists and clarifying the responsibilities of employers.

USERRA does not require private employers to pay reservists their wages or salary while the reservists perform their military duties, which can include monthly weekend duty and two weeks' training per year as well as additional duty as determined in part by the reservist. While many issues have been litigated to address private employers' obligations under USERRA since it was enacted, no court has interpreted USERRA to require private employers to pay reservists their regular wages or salary for the periods of time they were on leave from their jobs to perform military duties. A substantial majority of private employers employing reservists, including Delta, do not pay them during periods of military leave.

Plaintiff Randall Reep, a former employee of Delta Air Lines, Inc. ("Delta"), nevertheless contends that because Delta, like a vast majority of employers, offers paid sick leave and paid jury duty leave to certain employees, USERRA requires Delta to pay its reservist employees for any military leave of up to 30 days in length. Plaintiff contends that all private employers who provide paid sick leave or jury duty leave are required to pay for military duty leave and have been obligated to do so

since 1994. If Plaintiff were correct, reservists could theoretically be on voluntary military leave for a series of 30-day periods, each separated by only one day of Delta service, and Delta would be required to pay them 11.5 months of Delta pay when they had performed only about two weeks of service for Delta.

Plaintiff's claim fails as a matter of law for several independent reasons:

- While USERRA prohibits discrimination against reservists, it does not require employers to prefer reservists over other employees. Requiring Delta to pay reservists while they are simultaneously earning pay and benefits through their military career would result in preferential treatment.

- USERRA only protects existing benefits; it does not require Delta or other employers to create new benefits. Plaintiff asks the Court to require Delta to create a new benefit of "paid short-term military leave," and that request should be rejected.

- The language of USERRA confirms that Congress did not intend to require employers to pay reservists during military leaves. While USERRA affords numerous protections to reservists, it does not upend private employers' payrolls to require them to pay reservists while they are performing military duties.

For each of these independent reasons, Plaintiff's complaint should be dismissed.

## II.   **STATEMENT OF FACTS**[1]

Plaintiff alleges that he was a pilot for the Florida Air National Guard while he worked for Delta. Plaintiff alleges that he has been enlisted in the Florida Air National Guard since 1989   and that Delta employed him from 1998 to 2016. Dkt. 1 ¶ 2. Plaintiff describes military leaves of 30 days or less as "short-term military leave" (*id.* at ¶ 19) and contends that from 2007 through 2016, he took "many" short-term military leaves. *Id.* at ¶ 32. Plaintiff alleges that during his short-term military leaves, Delta "did not pay Plaintiff his regular wages." *Id.* at ¶ 33.

Delta is one of the largest airlines in the United States, and it employs tens of thousands of employees. Dkt. 1 ¶ 39. Plaintiff alleges that since at least 2007, Delta has not provided paid short-term military leave to its employees under any employment contract, agreement, policy, practice, or plan. *Id.* at ¶¶ 19–20, 48. Plaintiff does not allege that Delta provides a general right to paid leave to its employees under an employment contract, agreement, policy, practice, or plan that can be used for any purpose. Instead, Plaintiff alleges that Delta provides only limited paid leaves (for reservists and non-reservists) for specific purposes, *i.e.*, sickness and jury duty. *See id.* at ¶¶ 19–20, 25, 31, 48, 50.

---

[1] Delta accepts Plaintiff's allegations as true for the purposes of its motion to dismiss. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019).

On March 11, 2021, Plaintiff filed a putative class action complaint against Delta on behalf of himself and all others similarly situated (the "Complaint"). Dkt. 1. Plaintiff alleges that Delta violated USERRA by not paying wages, salaries, and compensation to Plaintiff and members of the putative class during short-term military leave. *Id.* at ¶ 1. In particular, Plaintiff contends that Delta violated 38 U.S.C. § 4316(b)(1) by failing to provide paid short-term military leave, even though Delta does not provide paid short-term military leave to its employees under an employment contract, agreement, policy, practice, or plan and has not implemented a general right to paid leave under an employment contract, agreement, policy, practice, or plan. *See id.* at ¶¶ 19–20, 25, 31, 48, 50. Plaintiff asks this Court to certify a class of:

> Current or former employees of Delta Air Lines, Inc., and/or any of its subsidiaries or predecessors, who during their employment with any of these entities took short-term military leave from their employment and during such short-term military leave were not paid the wages or salary that they would have earned had they continued to work their ordinary work schedules from January 1, 2007, through the date of judgment in this action.

*Id.* at ¶ 34. Plaintiff seeks, among other things, declaratory and injunctive relief, as well as recovery of lost wages, compensation, and benefits, on behalf of himself and all others similarly situated. *Id.*, Prayer for Relief at 15–16.

### III.   <u>LEGAL STANDARD</u>

A court must dismiss a complaint where, even accepting the allegations as true, the law does not impose liability on the defendant's alleged conduct. "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include enough facts to state a claim to relief that is plausible on its face." *Tims*, 935 F.3d at 1236 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### IV.   <u>ARGUMENT</u>

The Court should dismiss Plaintiff's Complaint because it fails to state a claim upon which relief can be granted, for three independent reasons. *First*, USERRA requires employers to provide reservists only with equal, and not preferential, treatment to non-reservist employees. Because Delta does not provide paid short-term military leave to its employees, Plaintiff seeks preferential treatment to non-reservist Delta employees in requesting paid short-term military leave – paid leave that (unlike paid sick and jury duty leave) could only benefit reservist employees. *Second*, USERRA protects only *existing* rights and benefits, and it does not require the creation of new rights or benefits. Even if Plaintiff's claim could be construed as seeking equal treatment, Plaintiff inappropriately asks this Court to create a new

right or benefit encompassing paid short-term military leave under USERRA. *Third*, even setting aside whether Plaintiff wrongly seeks preferential treatment and a new right or benefit to paid short-term military leave, Plaintiff's claims still fail because the statutory language confirms that Congress did not intend to create paid military leave in enacting USERRA.

### A. The Complaint Fails to State a Claim Because Plaintiff Seeks Preferential Treatment to Non-Reservist Delta Employees, a Right Which USERRA Does Not Provide.

Plaintiff's Complaint fails to state a claim because providing Plaintiff a right to paid short-term military leave would grant Plaintiff preferential treatment to non-reservist Delta employees, and USERRA provides only equal, and not preferential, treatment for reservists.

### 1. USERRA Requires Employers Provide Equal, But Not Preferential, Treatment for Reservists.

Congress enacted USERRA to minimize disadvantages to civilian employment and to prevent discriminatory treatment of noncareer members of the uniformed services resulting from their service. 38 U.S.C. § 4301(a) provides that the purposes of USERRA are, in relevant part: "to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employments which can result from such service;" and "to prohibit discrimination against persons because of their service in the uniformed services."

7

USERRA guarantees equal, but not preferential, treatment for absent reservists. USERRA requires employers to treat employees taking military leave with "only equal, but not preferential[,] treatment" to similar non-reservist employees on leave of absence. *Crews v. City of Mt. Vernon*, 567 F.3d 860, 865 (7th Cir. 2009) (citation omitted); *see also Monroe v. Std. Oil Co.*, 452 U.S. 549, 562 (1981) (USERRA's predecessor statute barred only discriminatory treatment of reservists; "there was never any suggestion of employer responsibility to provide preferential treatment"). "[Section] 4316(b)(1) will ordinarily prevent [reservist] employees who miss work for [military service] from demanding employment benefits . . . that are not generally available to non-[reservist] employees who miss work for other reasons." *Crews*, 567 F.3d at 865; *accord Duncan v. Tyco Fire Prods., LP*, 2018 U.S. Dist. LEXIS 111785, at *9–*10 (N.D. Ala. July 5, 2018) ("USERRA does not require employers to provide military employees benefits that exceed those benefits offered to other employees generally.").

USERRA accordingly requires employers to provide reservist employees on military leaves of absence the same rights and benefits that accrue under an employment agreement, policy, plan, or practice that the employer provides to non-reservist employees on leave of absence. 38 U.S.C. § 4316(b)(1) provides:

> [A] person who is absent from a position of employment by reason of service in the uniformed services shall be—(A) deemed to be on

furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

USERRA defines "rights and benefits" as "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice . . . ." 38 U.S.C. § 4303(2). The critical inquiry to assessing equal treatment to absent reservists thus is to analyze the right or benefit that the reservist seeks to obtain and determine whether that right or benefit "accrues by reason of an employment contract or agreement or an employer policy, plan, or practice," *id.*, and is "generally provided by the employer" to similar non- reservist employees on leave of absence, *id.* at § 4316(b)(1)(B).

Courts regularly reject USERRA claims that seek preferential treatment for absent reservists. For example, in *Crews*, the Seventh Circuit held that an employer did not violate USERRA in refusing a scheduling benefit to absent reservists because "this benefit was not one generally available to all employees." 567 F.3d at 865–66. Similarly, in *Gross v. PPG Industries, Inc.*, 636 F.3d 884 (7th Cir. 2011), the Seventh

Circuit concluded that USERRA did not compel an employer to provide a specific differential pay calculation to absent reservists where the employer did not provide differential pay to its absent non-reservist employees. *Id.* at 888–91. And in *Welshans v. United States Postal Service*, 550 F.3d 1100 (Fed. Cir. 2008), the Federal Circuit held that the employer did not violate USERRA in its challenged calculation of paid military leave because that paid leave constituted "an *additional benefit* not available to non-military employees." *Id.* at 1104 (emphasis in original). The Federal Circuit rejected the assertion that USERRA provided a right to paid military leave even though the employer afforded its employees "sick and annual leave," as "reservists were granted not only sick and annual leave, but military leave as well." *Id.* The absent reservist's claim for paid military leave calculated in a certain manner could not support a USERRA claim because paid military leave was "a benefit available only to employees serving in the military." *Id.*

### 2. USERRA Does Not Afford Plaintiff Paid Short-Term Military Leave Because It Would Provide Him Preferential Treatment.

Plaintiff's claim seeking paid short-term military leave fails because it would provide Plaintiff with preferential, rather than equal, treatment to non-reservist Delta employees. Plaintiff admits that Delta does not provide paid short-term military leave to its employees. Dkt. 1 ¶¶ 19–20, 48. Because paid short-term military leave is not a right or benefit to Delta employees that "accrue[s] by reason of an

employment contract or agreement or an employer policy, plan, or practice," 38 U.S.C. § 4303(2), and is not "generally provided" by Delta to similar non-reservist employees on leave of absence, *id.* at § 4316(b)(1)(B), providing Plaintiff paid short-term military leave would afford preferential treatment for reservists, a right which USERRA does not create. *Gross*, 636 F.3d at 888–91; *Crews*, 567 F.3d at 865–66; *Welshans*, 550 F.3d at 1104.

That Delta allegedly provides paid sick leave and jury duty to its employees, *see* Dkt. 1 ¶¶ 19–20, 25, 31, 48, 50, fails to demonstrate that providing paid short-term military leave would afford equal treatment for reservists. Although Plaintiff would be entitled to alleged paid sick leave and jury duty because those rights and benefits purportedly "accrue[ ] by reason of an employment contract or agreement or an employer policy, plan, or practice," 38 U.S.C. § 4303(2), Plaintiff does not contend that Delta ever failed to provide him those alleged rights and benefits. Instead, like the challenged right to paid military leave that the Federal Circuit in *Welshans* held constituted "an *additional benefit* not available to non-military employees" even though the employer also provided all employees "sick and annual leave," 550 F.3d at 1104 (emphasis in original), Plaintiff asks for preferential treatment of paid short-term military leave *in addition to* paid sick leave and paid jury duty leave. Nor can Plaintiff recast his claim as one for paid leave more

generally, because Plaintiff does not allege that Delta has generally provided paid leave to all employees—regardless of the reason—under an employment contract, agreement, policy, practice, or plan. *See* Dkt. 1 ¶¶ 19–20, 25, 31, 48, 50. Because USERRA does not afford preferential treatment for reservists, Plaintiff's claim fails.

The purposes of USERRA support the conclusion that Plaintiff is not entitled to the preferential treatment of paid short-term military leave that Delta does not generally provide its employees. That Delta does not pay any of its employees— reservists and non-reservists alike—short-term military leave does not "disadvantage[ ]" or "discriminat[e] against" absent reservists. 38 U.S.C. § 4301(a). Nor does Plaintiff allege that Delta has deprived him of the paid sick leave and jury duty that Delta does allegedly provide to its employees. Affording Plaintiff paid short-term military leave would extract a right for Plaintiff that could benefit only reservists and thus would by definition run counter to the purpose of USERRA by providing preferential treatment to reservists.[2]

---

[2] Plaintiff acknowledges that, to prevail on a Section 4316(b)(1)(B) claim, he must also establish that jury duty and sick leave are comparable leaves to military leave. Dkt. 1 ¶ 18. Plaintiff unquestionably will not be able to satisfy that burden because under Section 4316(b)(1)(B), jury duty and sick leave are not comparable to military leave as a matter of law. *See, e.g., Clarkson v. Alaska Airlines*, 2021 U.S. Dist. LEXIS 98123, at *10–26 (E.D. Wash. May 24, 2021) (dismissing identical claim as asserted by Plaintiff here because sick leave and jury duty leave are as a matter of law not comparable to military leave under Section 4316(b)(1)(B); *Hoefert v. Am. Airlines, Inc.*, 438 F. Supp. 3d 724, 738–42 (N.D. Tex. 2020) (under 38 U.S.C.

**B.     The Complaint Also Fails to State a Claim Because Plaintiff Seeks a New Right or Benefit to Paid Short-Term Military Leave, and USERRA Only Protects Existing Rights and Benefits.**

Plaintiff's claim also fails for the independent reason that Plaintiff seeks a new right or benefit to paid short-term military leave that does not exist under any Delta employment agreement, policy, plan, or practice. USERRA protects only *existing* rights and benefits; it does not require employers to create new rights or benefits.

1.     <u>USERRA Protects Only Existing Rights and Benefits.</u>

USERRA guarantees absent reservists the existing rights and benefits that a private employer provides under a company agreement, policy, plan, or practice, but USERRA does not require a private employer to create new rights or benefits. 38 U.S.C. § 4316(b)(1) guarantees absent reservists the "rights and benefits" that an employer generally provides to similar employees on leave of absence, which USERRA defines as "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) *that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice . . . .*" 38 U.S.C. § 4303(2) (emphasis added). To state a USERRA claim, the right or benefit allegedly deprived

---

§ 4316(b)(1)(B), claim for vacation accrual, sick leave and jury duty leave not comparable to military leave); *Moss v. United Airlines, Inc.*, 420 F. Supp. 3d 768, 770–75 (N.D. Ill. 2019) (same).

of an absent reservist thus must exist (have "accrue[d]") by virtue of an employment agreement, policy, plan, or practice. No language in USERRA supports the creation of *new* rights or benefits for absent reservists.

In analyzing whether a plaintiff's USERRA claim seeks the benefit of an existing or a new right or benefit, courts parse the precise requested right or benefit to determine whether that specific right or benefit is generally provided to employees on leave of absence under an existing employment agreement, policy, plan, or practice. For example, the Third Circuit in *Waltermyer v. Aluminum Company of America*, 804 F.2d 821 (3d Cir. 1986), concluded that an employer violated USERRA's predecessor statute by refusing to provide holiday pay to absent reservists where the employer agreed in a collective bargaining agreement to generally provide holiday pay to employees and did so to absent employees for many non-military reasons. *Id.* at 822–26. The Third Circuit did not create a new right or benefit for absent reservists. Rather, the court identified the specific, existing right or benefit (holiday pay) that the employer agreed to provide to working employees and to absent non-reservists, but wrongly deprived of absent reservists.

      2.    <u>USERRA Does Not Require Delta to Provide Plaintiff a New Right or Benefit to Paid Short-Term Military Leave.</u>

Plaintiff's USERRA claim fails for the separate reason that it seeks a new, rather than an existing, right or benefit to paid short-term military leave. Plaintiff

concedes that Delta does not provide paid short-term military leave to its employees. Dkt. 1 ¶¶ 19–20, 48. Plaintiff thus acknowledges that paid short-term military leave is not an existing right or benefit for Delta employees; that right does not "accrue[ ] by reason of an employment contract or agreement or an employer policy, plan, or practice . . . ." 38 U.S.C. § 4303(2). Indeed, unlike the agreed-upon holiday pay that the absent reservist in *Waltermyer* was deprived of in contrast to working employees and many absent non-reservists, it is undisputed that no agreed-upon paid short-term military leave exists.[3]

That USERRA does not entitle Plaintiff to a new right or benefit comports with USERRA's statutory purpose to "eliminat[e]" and "minimiz[e]" the disadvantages to civilian careers and employment which can result from [noncareer service in the uniformed services]" and to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a). Plaintiff does not allege that by virtue of his military service, Delta has deprived him of an

---

[3] *Waltermyer* likewise confirms that Plaintiff cannot recast his claim as one for "paid leave" to mask the preferential treatment that paid short-term military leave would provide. The *Waltermyer* court analyzed the agreed-upon right to holiday pay and concluded that equal treatment required the employer to provide holiday pay to absent reservists just as it did for absent non-reservists. 804 F.2d at 822–26. Plaintiff does not allege that Delta has generally provided "paid leave" to employees under an employment contract, agreement, policy, practice, or plan from which Delta purportedly has deprived Plaintiff because his leave was for military reasons.

existing right or benefit to paid short-term military leave, as he admits that no such right exists under any Delta employment agreement, policy, plan, or practice. Dkt. 1 ¶¶ 19–20, 48. And while Plaintiff alleges that Delta provides paid sick leave and jury duty, he does not allege that Delta has failed to provide him with that existing right (whether because of his military service or otherwise). Rather, Plaintiff asks this Court to craft a new right or benefit – paid short-term military leave. USERRA does not support this requested creation of new rights or benefits.

### C.   The Complaint Fails to State a Claim Because Congress Did Not Intend to Create Paid Military Leave in Enacting USERRA.

As discussed above, Plaintiff's requested relief would effect a sea change in the treatment of military reservists under USERRA.[4] Since its enactment in 1994, no court has determined that USERRA obligates a private employer to pay military

---

[4] Of the millions of private employers that are covered by USERRA, as of March 2018, 71% offer paid sick leave, and only 28% of them offer some form of paid military leave, such as paying the difference between military pay and the employer's pay, or paid military leave for a certain number of days per year. https://www.bls.gov/opub/ted/2018/access-to-paid-military-leave-in-2018.htm#:~:text=In%20March%202018%2C%2028%20percent,employer%2Dprovided%20paid%20military%20leave; https://www.bls.gov/opub/ted/2019/private-industry-workers-with-sick-leave-benefits-received-8-days-per-year-at-20-years-of-service.htm?view_full. *See also* Fed. R. Evid. 201; *Henderson v. Sun Pharms. Indus.*, 809 F. Supp. 2d 1373, 1379 n.4 (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity."). Thus, if Plaintiff's proposed construction of USERRA were correct, millions of employers would have violated Section 4316(b)(1)(B) since USERRA's enactment.

reservists for the time spent on reserve duty as though they were providing services at the same time for the private employer. Rather, consistent with the terms of the statute, court after court has held that USERRA does not require private employers to pay reservists during their military leave. This line of precedent reflects the intention of Congress to implement a system under USERRA to manage both the interest in providing opportunities to reservists to serve the nation and the interests of private employers in providing opportunities to reservists. As the Eleventh Circuit has observed, Congress sought to balance "minimizing the disadvantages to [a] civilian career[ ] and employment which can result from such [military] service" and "to minimize the disruption to . . . their [civilian] employers." *Dees v. Hyundai Motor Mfg. Ala., LLC*, 368 Fed. Appx. 49, 50 (11th Cir. 2020) (per curiam) (quoting 38 U.S.C. §§ 4301(a)(1) and (2)).

       1.   <u>Congress Provides for Paid Military Leave for Federal Employees.</u>

Congress's intended balance between supporting military service and the interests of private employers is confirmed in several places in the United States Code. First, had Congress intended to require private employers to pay reservists during periods of military leave, it understood how to do so. Congress specifically provided for paid military leave for most federal employees under 5 U.S.C. § 6323(a), a statute enacted in 1966. Section 6323(a) provides paid leave to federal

employees for up to 15 days per year for military duties and specifies the terms pursuant to which such paid leave shall accrue. Notably, Congress separately enacted statutes providing paid sick leave and paid jury duty leave for federal employees in 1966. 5 U.S.C. §§ 6307, 6322. Thus, when the federal government created a benefit of paid military leave for federal employees, it did so explicitly and separately from the provision of paid sick leave and paid jury duty leave.

Plaintiff's central contention is that in enacting USERRA, Congress implicitly obligated private employers to pay for military leave so long as those employers provide paid sick leave, paid jury duty leave, or any other form of paid leave. Plaintiff also contends that notwithstanding Congress's restriction on paid military leave to 15 days per year, Congress intended through USERRA to require private employers to pay for a virtually unlimited amount of paid military leave, so long as each military leave was less than Plaintiff's arbitrarily-selected duration of 30 days.[5] It strains credulity beyond the breaking point to conclude that Congress intended for private employers to provide such a far-reaching benefit without expressly saying so, nearly 30 years after specifying similar requirements for federal employees.

---

[5] USERRA establishes protections for reservists who voluntarily take military leave beyond the military's minimum requirements, and the statute does not impose maximums (of at least up to five years) for the amount of leave a reservist can take while remaining protected under the statute. 38 U.S.C. § 4303(13); *see also id.* at § 4312.

2.    USERRA's Definition of Rights and Benefits Is Inconsistent with Plaintiff's Interpretation.

As explained above, USERRA offers protections only for existing rights and benefits that do not create preferential treatment for military reservists. Moreover, the scope of USERRA's protection excludes the supposed benefit of payment for the time a reservist spends on military leave. Under Section 4316(b)(1)(B), a person absent from employment for military leave is "entitled to such *other rights and benefits* not determined by seniority as are generally provided by the employer . . . to employees having similar seniority, status, *and pay* who are on furlough or leave of absence . . . ." (Emphasis added.) Congress referred to "pay" in defining the appropriate comparison to determine the rights and benefits to which reservists would be entitled, but it did not state that reservists would be entitled to "pay" during the period of leave, instead stating that they are entitled to "other rights and benefits." If "pay" were to be included among such "other rights and benefits," Congress would not have used different language for them.

Moreover, Congress defined "rights and benefits" under USERRA to mean "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary *for work performed*) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice . . . ." 38 U.S.C. § 4303(2) (emphasis added). The

19

definition continues by including "rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment." *Id.*

Thus, in defining the rights and benefits that private employers would be required to provide during military leaves, Congress had another opportunity to specify that the rights and benefits to which reservists may be entitled would include all pay, wages, or salary. Instead, the statute limits rights and benefits to "wages or salary *for work performed*." Plaintiff does not seek wages or salary for work performed for Delta; he seeks equivalent wages or salary for time while on military leave, when he was not providing services to Delta. As another court recently concluded in holding that Congress did not intend to include paid military leave within "rights and benefits": "By explicitly providing [that] 'rights and benefits' includes 'wages or salary for work performed,' Congress, by negative implication, excluded wages or salary for work *not* performed, such as paid leave." *Travers v. FedEx Corp.*, 473 F. Supp. 3d 421, 435 (E.D. Pa. 2020), *on appeal*, Case No. 20-2703 (3d Cir.) (emphasis in original).

Although the Seventh Circuit recently reached the opposite conclusion in *White v. United Airlines, Inc.*, 987 F.3d 616 (7th Cir. 2021), Delta respectfully

submits the Seventh Circuit failed to consider all indicators of legislative intent within the statute and elsewhere in the Code. The Seventh Circuit did not address the distinction between "pay" and "other rights and benefits" in the text of Section 4316(b)(1)(B). Moreover, in considering the statutory interpretive canon of *expressio unius est exclusio alterius*, or "the expression of one thing suggests the exclusion of others," the Seventh Circuit labeled the canon "much[ ]derided." *White*, 987 F.3d at 621–22 (citations omitted). The Supreme Court has held that the force of the canon depends on context, however, and the Court repeatedly has applied it. *See*, *e.g.*, *Jennings v. Rodriguez*, 138 S. Ct. 830, 844 (2018). Especially in light of the other provisions of USERRA where Congress had an opportunity to express its intention to require private employers to provide wages or salary in addition to benefits, as well as the USERRA provisions discussed below that are fundamentally inconsistent with a requirement that employers pay reservists their wages or salary for time spent on military leave, the context surrounding the statutory definition of "rights and benefits" compels the conclusion that Congress did not do so indirectly and *sotto voce*.[6]

---

[6] Indeed, the Seventh Circuit also rejected the exclusion of "wages or salary for work *not* performed" from the definition of "rights and benefits" even though USERRA expressly distinguishes "wages" from "benefits" in 38 U.S.C. §§ 4323(d)(1)(B) and 4324(c)(2) (permitting employees to recover from their employers "for any loss of wages *or* benefits" (emphasis added)). While recognizing that "identical words used

3.    Other Provisions of USERRA Confirm Congress's Intent Not to Require Payment of Wages or Salary During Military Leaves.

In addition to the language of Sections 4316(b)(1)(B) and 4303(2) themselves, other provisions within USERRA are fundamentally inconsistent with any requirement that private employers pay reservists for their time on military leave. First, in Section 4316 itself – the same provision on which Plaintiff bases his claim – Congress provided that reservists may elect to use any accrued vacation or annual leave with pay during periods of military leave:

> Any person whose employment with an employer is interrupted by a period of service in the uniformed services shall be permitted, upon request of that person, to use during such period of service any vacation, annual, or similar leave with pay accrued by the person before the commencement of such service. No employer may require any such person to use vacation, annual, or similar leave during such period of service.

38 U.S.C. § 4316(d). Thus, employees can elect – but cannot be forced by their employers – to use accrued paid vacation or annual leave during periods of military leave. If private employers were required to pay employees their regular wages or

_____

in different parts of the same act are intended to have the same meaning," 987 F.3d at 623, the *White* court nevertheless concluded that presumption was "rebuttable" and determined that the legislative history of Section 4303(2) showed that Congress could have intended to include wages among "rights and benefits."  Respectfully, for the reasons explained herein, the *White* court goes to uncommon lengths to incorporate "wages" into the definition of "rights and benefits," and Delta submits that the court's line of interpretation is incorrect.

salary during periods of military leave, there would be no need to permit employees to use their accrued paid vacation or annual leave for those military leaves.[7] Indeed, in interpreting Section 4316 and relying on the same assumption that private employers will not pay reservists their regular pay during military leaves, the Department of Labor has stated that an employee is *not* entitled to sick leave pay while on military leaves and provides only one exception to that rule – if the employer pays sick leave for reasons other than sickness (an allegation not made by Plaintiff). 20 CFR § 1002.153.

USERRA also requires private employers to contribute to an employee's pension/401k plan after the employee returns from a military leave as if the employee had been active for the employer during the military leave. 38 U.S.C.

---

[7] In the House version of the bill that became USERRA, the provision that became Section 4316(d) stated that an employee on military leave could choose to use "accrued or other leave which the individual could have used if employment had not been interrupted for service." 1994 Joint Explanatory Statement on H.R. 995, 140 Cong. Rec. H 9136 (Sept. 13, 1994), p. 2503. However, the version of Section 4316(d) as enacted limited the leave an employee could request to use during a military leave to vacation or similar annual leaves. Thus, the only way an employer can be required to pay an employee on military leave is if the employee seeks to use vacation or similar annual leave. Indeed, a regulation interpreting Section 4316states expressly that an employee is *not* entitled to sick leave pay while on military leave and provides only one exception to that rule – if the employer pays sick leave for reasons other than sickness (an allegation Plaintiff has not made about Delta by Plaintiff). 20 CFR § 1002.153. Considering this regulation identified only one narrow exception to this rule, it assumes that employers are not required to pay for military leaves because an employer has a paid sick leave benefit.

§ 4318(b)(1). In order to calculate the amount of the contribution, USERRA requires the employer to "deem earnings" for the returning employee for the period of the military leave (*i.e.*, seek to determine the employee's earnings if he or she had not been on military leave). *Id.* In describing how to calculate what employee compensation should be deemed to calculate pension contributions, USERRA offers two alternatives:

> (A) at the rate the employee *would have received* but for the period of service [on military leave], or
>
> (B) in the case that the determination of such rate is not reasonably certain, on the basis of the employee's average rate of compensation during the 12-month period immediately preceding such period . . . .

*Id.* at § 4318(b)(3) (emphasis added).

This USERRA provision explains that in calculating pension contributions, the employer should consider the amount the employee "would have received" if the employee had not been on military leave, making clear that the employer was not expected to pay the employee's regular wages or salary during the leave. In other words, Congress required an employer to deem earnings for a military leave period *only* for pension calculations and *not* for paying an employee on military leave. If Congress intended for employers to pay employees while they were on military leave, this provision would make no sense in the context of USERRA. The only logical premise of Section 4318 is that employers are never *required* under USERRA

to pay employees for military leave (and most do not), but that they are required to deem earnings after the military leave only for purposes of pension contributions.

Especially in light of the complex and interlocking sets of requirements for private employers under USERRA to protect the rights of military reserve personnel, Plaintiff's contention that Congress intended to require private employers to pay such personnel for periods of military leave without actually saying so is illogical. As explained above, Congress knew exactly how to identify situations where it intended to require an employer to pay or to deem income for an employee's military leave. It did not intend to impose such a requirement by including wages or salary for work not performed within the definition of "rights and benefits" to which an employee is entitled under Section 4316(b)(1)(B). Plaintiff's claim should be dismissed.

## III.  <u>CONCLUSION</u>

Delta respectfully requests that the Court dismiss the Complaint.

Respectfully submitted this 26th day of May, 2021.

| **MUNGER & STONE, LLP** | **TROUTMAN PEPPER HAMILTON SANDERS LLP** |
|---|---|
| Thomas J. Munger | |
| Georgia Bar No. 529609 | */s/ James A. Washburn* |
| Benjamin A. Stone | James A. Washburn |
| Georgia Bar No. 683850 | Georgia Bar No. 738845 |
| | William N. Withrow, Jr. |
| 999 Peachtree Street, N.E. | Georgia Bar No. 772350 |
| Suite 2850 | Lindsey B. Mann |
| Atlanta, Georgia 30309 | Georgia Bar No. 431819 |
| T: (404) 815-0934 | |
| F: (404) 815-4687 | 600 Peachtree Street, N.E. |
| tom.munger@mungerandstone.com | Suite 3000 |
| ben.stone@mungerandstone.com | Atlanta, Georgia 30308 |
| | T: (404) 885-3000 |
| | F: (404) 885-3900 |
| | james.washburn@troutman.com |
| | bill.withrow@troutman.com |
| | lindsey.mann@troutman.com |

*Attorneys for Defendant Delta Air Lines, Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1.

This 26th day of May, 2021.

/s/ James A. Washburn
James A. Washburn
Georgia Bar No. 738845

**CERTIFICATE OF SERVICE**

This is to certify that I have this 26th day of May, 2021 electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system, which will automatically serve notification of such filing to all counsel of record.

/s/ James A. Washburn
James A. Washburn
Georgia Bar No. 738845